1  Laurence D. King (SBN 206423)
   Linda M. Fong (SBN 124232)
2  KAPLAN FOX & KILSHEIMER LLP
   350 Sansome Street, Suite 400
3  San Francisco, CA 94104
   Telephone: 415-772-4700
4  Facsimile:  415-772-4707
   Email: lking@kaplanfox.com
5         lfong@kaplanfox.com

6  Robert N. Kaplan
   Linda P. Nussbaum
7  Jason A. Zweig
   KAPLAN FOX & KILSHEIMER LLP
8  850 Third Avenue, 14th Floor
   New York, NY 10022
9  Telephone: 212-687-1980
   Facsimile:  212-687-7714
10 E mail: rkaplan@kaplanfox.com
           lnussbaum@kaplanfox.com
11         jzweig@kaplanfox.com

12 *Attorneys for Plaintiff KI, Inc.*

13 [Additional counsel listed on signature block]

14

15                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
16                  SAN FRANCISCO DIVISION

                                                  **C 09 5197 EMC**

17 | KI, INC., on behalf of itself and all others similarly situated, ) | Case No.: _____
18 |                                          ) | CLASS ACTION
   |            Plaintiff,                    ) |
19 |                                          ) |
   |   v.                                     ) | **CLASS ACTION COMPLAINT FOR**
20 |                                          ) | **DAMAGES AND INJUNCTIVE RELIEF**
   | SONY CORPORATION; SONY OPTIARC          ) |
21 | AMERICA, INC.; SONY OPTIARC, INC.;      ) |
   | HITACHI, LTD.; TEAC CORPORATION;        ) | **JURY TRIAL DEMANDED**
22 | TEAC AMERICA, INC.; LG ELECTRONICS,     ) |
   | INC.; HITACHI-LG DATA STORAGE, INC.;    ) |
23 | TOSHIBA CORPORATION; SAMSUNG            ) |
   | ELECTRONICS CO., LTD.; TOSHIBA          ) |
24 | SAMSUNG STORAGE TECHNOLOGY              ) |
   | CORPORATION; KONINKLIJKE PHILIPS        ) |
25 | ELECTRONICS N.V.; LITE-ON IT            ) |
   | CORPORATION; PHILIPS & LITE-ON          ) |
26 | DIGITAL SOLUTIONS CORPORATION; and      ) |
   | PHILIPS & LITE-ON DIGITAL SOLUTIONS     ) |
27 | USA, INC.,                              ) |
   |            Defendants.                   ) |
28

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, Case No. _____

KI, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this action against the defendants named herein for treble damages, injunctive relief and cost of suit under the antitrust laws of the United States, Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1 ("Sherman Act") and Section 4 of the Clayton Antitrust Act of 1914, 15 U.S.C. § 15 ("Clayton Act") and in support of its Complaint states as follows. The allegations herein are made on information and belief, except those as to Plaintiff which are made with personal knowledge.

## NATURE OF THE ACTION

1.  This action arises out of a conspiracy among defendants and their co-conspirators, which had the purpose and effect of fixing, raising, maintaining, and stabilizing artificially the price at which optical disk drives (which are described further below), and products containing optical disk drives, were sold in the United States. As used herein, the term "Optical Disk Drive Products," includes optical disk drives, as well as products containing optical disk drives (such as DVD players), manufactured and sold by any of the named defendants herein, or their subsidiaries, affiliates or co-conspirators. This action is brought on behalf of a class ("Class") consisting of all persons and entities who purchased Optical Disk Drive Products directly from the named defendants in the United States during the period from approximately January 2001 through the present (the "Class Period"). As a result of defendants' unlawful conduct, Plaintiff and the other members of the Class paid artificially inflated prices for Optical Disk Drive Products during the Class Period.

2.  Defendants are the leading manufacturers of Optical Disk Drive Products, which are utilized in many consumer appliances such as CD players, CD-ROMs, CD-Rs, DVD players, DVD recorders and other electronic devices. Defendants control the majority of the optical disk drives industry which annually generates worldwide revenues in excess of $8 billion. As a result of defendants' unlawful conduct, Plaintiff and the other members of the Class paid artificially inflated prices for Optical Disk Drive Products during the Class Period. Such prices exceeded the amount they would have paid if the price for Optical Disk Drive Products had been determined by a competitive market.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, Case No. _____

## JURISDICTION AND VENUE

3. This action arises under Section 1 of the Sherman Act and Section 4 of the Clayton Act.

4. Jurisdiction of this Court is founded on Sections 4 and 16 of the Clayton Act, 15 U.S.C. § 15, 26 for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and on 28 U.S.C. §§ 1331, 1337.

5. Venue as to defendants is proper in this district pursuant to 15 U.S.C. §§ 15(a), 22, and 28 U.S.C. § 1391(b), (c), in that more than one defendant resides in the judicial district, is licensed to do business and/or is doing business in this judicial district. The interstate trade and commerce described herein has been carried out, in part, within this district.

## PARTIES

**Plaintiff**

6. Plaintiff KI, Inc. is a corporation incorporated under the laws of Connecticut, with its principal place of business located at 342 Cedarwood Drive, Orange, Connecticut. During the Class Period, Plaintiff purchased Optical Disk Drive Products directly from one or more defendants or their controlled subsidiaries. As a result of the conspiracy, Plaintiff has been economically injured in that the prices it has paid for Optical Disk Drive Products have been artificially raised to anti-competitive levels by defendants.

**Defendants**

7. Defendant Sony Corporation is a business entity organized under the laws of Japan, with its principal place of business located at 1-7-1, Konan, Minato-Ku, TKY 108-0075, Japan. During the Class Period, Sony manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

8. Defendant Sony Optiarc America, Inc., formerly known as Sony NEC Optiarc, Inc., is a wholly owned subsidiary of Sony Optiarc, Inc., which is in turn the wholly owned subsidiary of Sony Corporation, is a Delaware corporation with its principal place of business located at 1730 N. First Street, San Jose, California 95112. Sony Optiarc America, Inc. was established originally as a joint venture in April 2006 before Sony announced that it would take over NEC's 45% share on

September 11, 2008. During the Class Period, Sony Optiarc America manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

9. Defendant Sony Optiarc, Inc. is the parent corporation of Sony Optiarc America, Inc. and is a business entity organized under the laws of Japan, with its principal place of business located at Gate City Osaki West Tower, 5F, 1-11-1, Osaki, Shinagawa-Ku, Tky 141-0032, Japan. During the Class Period, Sony Optiarc manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

10. Defendants Sony Corporation, Sony Optiarc America, Inc. and Sony Optiarc, Inc. are referred to individually and collectively herein as "Sony."

11. Defendant TEAC Corporation is a business entity organized under the laws of Japan, with its principal place of business at 1-47 Ochiai, Tama-shi, Tokyo, Japan. Defendant TEAC Corporation controls an integrated global enterprise comprised of itself and other entities, including TEAC America, Inc. During the Class Period, TEAC Corporation manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

12. Defendant TEAC America, Inc. is a corporation organized under the laws of the state of California with its principal place of business at 7733 Telegraph Road, Montebello, California. Defendant TEAC America, Inc. is a wholly-owned subsidiary of defendant TEAC Corporation. During the Class Period, TEAC America manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

13. Defendant Hitachi, Ltd., is a business entity organized under the laws of Japan, with its principal place of business at 4-6 Kanda-Surugadai Chiyoda-ku, Tokyo, 101-8010, Japan. Hitachi, Ltd. controls an integrated global enterprise comprised of itself and other entities including defendant Hitachi-LG Data Storage, Inc. During the Class Period, Hitachi, Ltd., manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

14. Defendant LG Electronics, Inc. ("LG") is a business entity organized under the laws of Korea, with its principal place of business at 26/F Twin Tower South 20, Yoido-Dong, Youngdungpo-Gu, Seoul, SEO 150875, Republic of Korea. LG controls an integrated global enterprise comprised of itself and other entities including defendant Hitachi-LG Data Storage, Inc.

1 | During the Class Period, LG manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

15. Defendant Hitachi-LG Data Storage, Inc. is a business entity organized under the laws of Japan with its principal place of business located at 4F MSC Center Building, 22-23 Kaigan 3-Chome, Tokyo, Japan. Hitachi-LG Data Storage, Inc. is a joint venture formed in January 2001 and is owned 51% by defendant Hitachi and 49% by defendant LG. During the Class Period, Hitachi-LG Data Storage, Inc. manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

16. Defendant Toshiba Corporation ("Toshiba") is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. Toshiba Corp. controls an integrated global enterprise comprised of itself and other entities including defendant Toshiba Samsung Storage Technology Corp. During the Class Period, Toshiba Corporation manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

17. Defendant Samsung Electronics Co. Ltd. ("Samsung") is a business entity organized under the laws of South Korea, with its principal place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea. Samsung controls an integrated global enterprise comprised of itself and other entities including defendant Toshiba Samsung Storage Technology Corp. During the Class Period, Samsung manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

18. Defendant Toshiba Samsung Storage Technology Corp. is a business entity organized under the laws of Japan with its principal place of business located at Solid Square 580, Horikawacho, Saiwai-Ku, Kawasaki, KNG 212-0013, Japan. Toshiba Samsung Storage Technology Corp. is a joint venture formed in 2004 and owned 51% by defendant Toshiba and 49% by defendant Samsung. During the Class Period, Toshiba Samsung Storage Technology Corp. manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

19. Koninklijke Philips Electronics N.V. ("Philips") is a business entity organized under the laws of The Netherlands, with its principal place of business at Groenewoudseweg 1, Eindhoven

4

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, Case No. _____

1  5621 BA, The Netherlands. Philips controls an integrated global enterprise comprised of itself and other entities including defendant Philips & Lite-On Digital Solutions Corporation. During the Class Period, Philips manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

20. Lite-On IT Corporation ("Lite-On") is a business entity organized under the laws of Taiwan, with its principal place of business at 12-15F, 392, Jui Kuang Road, Taipei City, TAP 11492, Taiwan. Lite-On controls an integrated global enterprise comprised of itself and other entities including defendant Philips & Lite-On Digital Solutions Corporation. During the Class Period, Lite-On manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

21. Defendant Philips & Lite-On Digital Solutions Corporation is a business entity organized under the laws of Taiwan, and a joint venture between Koninklijke Philips Electronics N.V. and Lite-On IT Corporation established in March 2007, with its principal place of business located at 16F, 392, Jui Kuang Road, Taipei City, TAP 11492, Taiwan. During the Class Period, Philips & Lite-On Digital Solutions Corporation manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

22. Defendant Philips & Lite-On Digital Solutions USA, Inc. is a Delaware corporation with its principal place of business located at 42000 Christy Street, Fremont, California 94538. During the Class Period, Philips & Lite-On Digital Solutions USA manufactured, sold and/or distributed Optical Disk Drive Products throughout the United States.

23. On information and belief, other partnerships, corporations, or other business entities, currently unknown to Plaintiff, are co-conspirators with defendants in their unlawful restraint of trade. These other co-conspirators have facilitated, adhered to, participated in, and/or communicated with others regarding the conspiracy.

24. The conduct alleged herein was defendants' conduct or actions ordered or done by defendants' officers, agents, employees, or representatives, while engaged in the usual management of defendants' business.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action both on behalf of itself, and as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), on behalf of the following class (the "Class").

> All individuals and entities who, during the period from approximately January 2001 through the present (the "Class Period"), purchased Optical Disk Drive Products in the United States directly from the defendants or their subsidiaries. Excluded from the Class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

26. The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the members of the Class are geographically dispersed throughout the United States, and that joinder of all Class members would be impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes that there are, at least, thousands of members of the Class and that their identities can be learned from defendants' books and records.

27. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the members of the Class purchased Optical Disk Drive Products at artificially maintained, non-competitive prices established by the actions of defendants and their unnamed co-conspirators in connection with the restraint of trade alleged herein. Plaintiff and the members of the Class have all sustained damage in that they paid inflated prices for Optical Disk Drive Products due to defendants' conduct in violation of federal law as complained of herein.

28. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and antitrust litigation.

29. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

  (a) Whether defendants engaged in a contract, combination or conspiracy among themselves to fix, maintain, or stabilize the price of Optical Disk Drive Products sold in the United States;

  (b) Whether the conduct of defendants caused the prices of Optical Disk Drive Products to be artificially inflated;

  (c) Whether defendants' conduct caused injury to the members of the Class and, if so, the proper measure of damages; and

  (d) Whether defendants undertook actions to conceal the unlawful contract, combination or conspiracy described herein.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

## INTERSTATE TRADE AND COMMERCE

32. Throughout the Class Period, defendants sold and shipped substantial quantities of Optical Disk Drive Products in a continuous and uninterrupted flow of transactions in interstate commerce throughout the United States, including in this District.

33. The unlawful activities of defendants that are the subject of this Complaint were within the flow of, and have had a direct and substantial effect on interstate trade and commerce.

## FACTS

### The Optical Disk Drives Market

34. An optical disk drive is a disk drive that uses laser light or electromagnetic waves as part of the process of reading or writing data to or from optical disks. Some drives can only read from disks, but other recent drives are commonly both readers and recorders. Recorders are

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, Case No. _____

sometimes called "burners" or "writers." Compact discs, DVDs, and Blu-Ray disks are common types of optical media which can be read and recorded by optical disk drives.

35. Optical disk drives are contained in many consumer appliances such as CD players, CD-ROMs, CD-Rs, DVD players, DVD recorders and other electronic devices.

36. Throughout the Class Period, the market for optical disk drives has been in a constant state of growth.

37. Since the optical disk drives market is dominated by a group of manufacturers and it is oligopolistic in nature, the market is conducive to the collusive conduct alleged herein. According to published reports, a handful of defendants possessed large market shares – Philips & Lite-On Digital Solutions Corporation has a 30% market share; Hitachi-LG Data Storage has a 27% market share; Toshiba Samsung Storage Technology has a 20% market share; and Sony Optiarc America has a 17% market share. Together these defendants control 90% of the market.

38. During the Class Period, the optical disk drives market has also experienced significant consolidation, cross-licensing agreements and joint venture collaborations among optical disk drives manufacturers.

39. The optical disk drives industry is also the subject of numerous joint ventures among defendants.

**Defendants' Illegal Price Fixing Conduct**

40. Commencing on or about January 2001, the exact date being unknown, Defendants entered into a conspiracy, which had the purpose and effect of fixing, raising, maintaining and stabilizing the price of Optical Disk Drive Products at artificially inflated levels.

## GOVERNMENT INVESTIGATIONS

41. It was recently disclosed that there is currently a worldwide investigation into violations of antitrust laws and other anti-competitive practices into the market for optical disk drives.

42. On October 23, 2009, Sony Corporation disclosed the following in a Form 6K it filed with the SEC:

> Sony Corporation said today that its U.S. subsidiary, Sony Optiarc America Inc., has received a subpoena from the U.S. Department of Justice (DOJ) Antitrust Division seeking information about its optical disk drive business. Sony understands that the DOJ and agencies outside the United States are investigating competition in optical disk drives.

43. On October 26, 2009, news sources reported that other companies, including Toshiba, Hitachi, Samsung and LG have received DOJ subpoenas. According to one of the news articles, an unnamed "source said the department began the probe in recent months, investigating disk-drive makers for possible price-fixing, bid-rigging and allocation of markets."

44. On October 27, 2009, Hitachi Ltd. and Toshiba Corporation confirmed that, like Sony Corporation, their optical disk drive operations in the United States received subpoenas from the U.S. Department of Justice in a widening investigation into potential antitrust violations.

45. On October 27, 2009, a United States DOJ spokeswoman, Gina Talamona confirmed that, "[t]he antitrust division is investigating the possibility of anticompetitive practices in the optical disc drive industry."

### HISTORY OF COLLUSION

46. Many of the defendants named herein, have a long history of collusion, and, are either currently involved in worldwide investigations into other technology-related products, or have admitted to participating in cartels involving technology-related products.

47. For example, several of the defendants named herein have been implicated in a worldwide price fixing conspiracy for thin film transistor liquid crystal displays ("TFT-LCD"). On December 15, 2008, a subsidiary of defendant LG Electronics, Inc. pled guilty to participating in a conspiracy involving TFT-LCD and agreed to pay a $400 million fine. On May 22, 2009, a subsidiary of defendant Hitachi, Ltd. pled guilty to participating in a conspiracy involving TFT-LCD and agreed to pay a $31 million fine. Although it has not been publicly acknowledged by Samsung, it is widely believed that defendant Samsung Electronics Co. Ltd. is in the U.S. DOJ leniency program with respect to the DOJ's investigation into the market for TFT-LCD, meaning

that it has admitted its participation in the cartel. The TFT-LCD investigation is ongoing, and Toshiba Corporation, as well as other entities, remain under investigation. Such criminal investigation is being conducted by the San Francisco office of the DOJ's Antitrust Division.

48. Further, in 2005, defendant Samsung Electronics Company, Ltd. agreed to plead guilty to participating in a price-fixing conspiracy involving dynamic random access memory ("DRAM"). As part of its guilty plea, Samsung agreed to pay a fine of $300 million.

## ALLEGATION OF ANTITRUST INJURY TO PLAINTIFF AND THE CLASS

49. On or about January 2001, the exact date being unknown to Plaintiff, defendants entered into a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. These activities included the following:

(a) Participating in meetings and conversations to discuss the price of Optical Disk Drive Products sold in the United States;

(b) Agreeing during those meetings and conversations to charge prices at specified levels and otherwise to fix, increase, stabilize and/or maintain prices of Optical Disk Drives sold in the United States;

(c) Selling Optical Disk Drive Products at the agreed upon prices; and

(d) Selling Optical Disk Drive Products to various customers throughout the United States at artificially inflated prices.

50. The conspiracy alleged herein had and is having the following effects, among others:

(a) Prices charged to Plaintiff and the Class for Optical Disk Drive Products have been raised, fixed, maintained or stabilized at artificially inflated, non-competitive levels;

(b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Optical Disk Drive Products; and

(c) Competition in establishing the prices paid in the United States and worldwide for Optical Disk Drive Products has been unlawfully restrained, suppressed and eliminated.

51. By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiff and the members of the Class have sustained injury. As a direct result of defendants' conduct, the injury sustained by Plaintiff and the Class is the payment of supracompetitive prices for Optical Disk Drive Products. This is an antitrust injury of the type that the federal laws were meant to punish and prevent.

## FRAUDULENT CONCEALMENT

52. Plaintiff and members of the Class did not discover and could not discover through the exercise of reasonable diligence, the existence of the conspiracy alleged herein until October 26, 2009 when it was first publicly reported that manufacturers of optical disk drives were under investigation by antitrust authorities in the United States, and elsewhere, for conspiring to fix prices of optical disk drives.

53. Because defendants' agreements, understandings, and conspiracies were kept secret until October 26, 2009, Plaintiff and members of the Class before that time were unaware of defendants' unlawful conduct alleged herein, and they did not know before that time that they were paying artificially high prices for Optical Disk Drive Products throughout the United States during the Class period.

54. The affirmative acts of the defendants alleged herein, including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection.

55. By their very nature, defendants' price fixing conspiracy was inherently self-concealing. The optical disk drives industry is not exempt from antitrust regulation, and thus, before October 26, 2009, Plaintiff reasonably considered it to be a well-regulated competitive industry.

56. In the context of the circumstances surrounding defendants' pricing practices, defendants' acts of concealment were more than sufficient to preclude suspicion by a reasonable person that defendants' pricing was conspiratorial. Accordingly, a reasonable person under the

circumstances would not have been alerted to investigate the legitimacy of defendants' Optical Disk Drive Products prices before October 26, 2009.

57. Plaintiff and members of the Class could not have discovered the alleged contract, conspiracy, or combination at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the defendants and their co-conspirators to avoid detection of, and fraudulently conceal, their contract, combination or conspiracy.

58. Because the alleged conspiracy was both self-concealing and affirmatively concealed by defendants and their co-conspirators, Plaintiff and members of the Class had no knowledge of the alleged conspiracy, or of any facts or information that would have caused a reasonably diligent person to investigate whether a conspiracy existed, until October 26, 2009, when reports of the investigations into price fixing in the optical disk drives industry were first publicly disseminated.

59. None of the facts or information available to Plaintiff and members of the Class prior to October 26, 2009, if investigated with reasonable diligence, could or would have led to the discovery of the conspiracy alleged herein prior to October 26, 2009.

60. As a result of defendants' fraudulent concealment of their conspiracy, the running of any statute of limitations has been tolled with respect to any claims that Plaintiff and members of the Class have as a result of the anticompetitive conduct alleged in this Complaint.

## COUNT I

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT AND SECTION 4 OF THE CLAYTON ACT

61. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

62. Defendants entered into and engaged in a contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

63. The contract, combination or conspiracy has resulted in an agreement, understanding or concerted action between and among defendants in furtherance of which defendants instituted, fixed, maintained, raised or stabilized prices for Optical Disk Drive Products. Such contract,

combination, or conspiracy constitutes a *per se* violation of the federal antitrust laws and is an unreasonable and unlawful restraint of trade.

64.  Defendants' contract, combination, agreement, understanding or concerted action occurred in or affected interstate and international commerce. Defendants' unlawful conduct was through mutual understandings or agreements by, between and among defendants.

65.  The contract, combination or conspiracy has had the following effects:

(a)  Prices charged to Plaintiff and the class for Optical Disk Drive Products were raised, fixed, maintained or stabilized at higher, artificially inflated, non-competitive levels;

(b)  Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Optical Disk Drive Products; and

(c)  Competition in establishing the prices paid for Optical Disk Drive Products has been unlawfully restrained, suppressed and eliminated.

66.  As a proximate result of defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid higher prices for Optical Disk Drive Products than they otherwise would have paid in the absence of the unlawful conduct of Defendants.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

(1)  That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be certified as a class representative and Plaintiff's counsel be appointed as counsel for the Class;

(2)  That the unlawful contract, combination or conspiracy alleged in Count I be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

(3) That Plaintiff and the Class recover damages, as provided by law, determined to have been sustained as to each of them, in an amount to be trebled in accordance with the antitrust laws, and that judgment be entered against defendants on behalf of Plaintiff and of the Class;

(4) That Plaintiff and the Class recover treble damages, as provided by law;

(5) That Plaintiff and the Class recover their costs of the suit, including attorneys' fees, as provided by law; and

(6) For such other and further relief as is just under the circumstances.

DATED: November 3, 2009

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By: _____
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile:  415-772-4707
Email:  lking@kaplanfox.com
            lfong@kaplanfox.com

Robert N. Kaplan
Linda P. Nussbaum
Jason A. Zweig
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile:  212-687-7714
E mail: rkaplan@kaplanfox.com
            lnussbaum@kaplanfox.com
            jzweig@kaplanfox.com

Jonathan P. Whitcomb
**DISERIO MARTIN O'CONNOR &
  CASTIGLIONI LLP**
One Atlantic Street
Stamford, CT 06901
Telephone:  (203) 358-0800
E mail: JWhitcomb@dmoc.com

14

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, Case No. _____

Anthony J. Bolognese
**BOLOGNESE & ASSOCIATES LLC**
Two Penn Center
1500 JFK Blvd., Suite 320
Telephone: (215) 814-6750
Facsimile: (215) 814-6764
Email:  ABolognese@bolognese-law.com

Howard J. Sedran
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
Email:  hsedran@lfsblaw.com

Peter Safirstein
Paul Novak
**MILBERG LLP**
One Pennsylvania Plaza
49th Floor
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
Email:  psafirstein@milberg.com
         pnovak@milberg.com

*Attorneys for Plaintiff KI, Inc.*